IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MICHAEL ALONZA RUFUS, #99284-071**                                      **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 5:08-cv-263-DCB-MTP**

**KATON LEE VARNADO, et al.**                                           **DEFENDANTS**


ORDER

Plaintiff, a federal prisoner proceeding *pro se*, filed this *Bivens* Complaint[1] on August 11, 2008, and Plaintiff filed a Motion for a Preliminary Injunction [10] on October 3, 2008. Upon review of the Complaint, Motion [10], Response [19] and the entire court file, the Court has reached the following conclusions.

In order to obtain a preliminary injunction, the Plaintiff must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and 4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001); *Sierra Club v. F.D.I.C.*, 992 F.2d 545, 551 (5th Cir.1993). In considering these prerequisites the Court must bear in mind that a temporary restraining order is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989). The primary

---

[1]*Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

justification for applying this remedy is to preserve the Court's ability to render a meaningful decision on the merits. *Canal Authority of State of Florida*, 489 F.2d 567, 572 (5th Cir. 1974). This Court concludes that it will be able to render a meaningful decision without granting a preliminary injunction. There is no substantial threat that Plaintiff will suffer irreparable injury if the preliminary injunction is not granted. Hence, in light of the foregoing prerequisites and standards, it is clear that Plaintiff's motion for a preliminary injunction [10], should be denied without a hearing.

Turning to the named defendants in this cause, the Court finds that Plaintiff can not maintain this suit against the Bureau of Prisons. A individual federal officer is the proper defendant in a *Bivens* suit, not a federal agency. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)(declined to extend *Bivens* actions to federal agencies); *see also Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001)(declined to extend *Bivens* action to a private corporation). Accordingly, the Bureau of Prisons will be dismissed as a defendant in this cause.

However, upon a liberal review of Plaintiff's filings, the Court has determined that Plaintiff will be allowed to proceed with this case at this early juncture in the proceedings. The parties are cautioned that this order does not issue a finding regarding the viability of this case but merely determines that further record development is needed at this time. *See Amerson v. Am. Nat'l Ins. Co., et al.*, 117 Fed.Appx. 360, 2004 WL 2913139 (5th Cir. Dec. 16, 2004)(citing *Reeves v. Jackson*, 532 F.2d 491, 494 (5th Cir.1976)(holding that "[t]he District Court should give the plaintiff the full fanfare of a federal court claim at least until it

can see what the real facts are.")); *see also Denton v. Hernandez*, 504 U.S. 25, 26, 112 S.Ct. 1728, 18 L.Ed.2d 340 (1992)("factual frivolousness finding is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . complaint cannot be dismissed simply because the court finds the allegations to be improbable or unlikely"). Therefore, it is hereby,

    ORDERED:

    1. That Plaintiff's Motion for a Preliminary Injunction [10] is **DENIED.**

    2. That the Bureau of Prisons is dismissed as a defendant in this case.

    3. That as provided in 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this Court may designate and assign a Magistrate Judge to hear a prisoner petition challenging the conditions of confinement. This Court hereby refers this cause to **United States Magistrate Judge Michael T. Parker** for all further proceedings provided for by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure to include conducting hearings and submitting to the District Judge assigned to this cause proposed findings of fact and recommendations for the disposition of this cause.

    4. That the United States District Clerk is directed to issue summons to **Katon Varnado**, **Omar Docher, T.H. Moore, P. Jackson, and J. Southerland**, c/o Federal Correctional Complex at Yazoo City, 2255 Haley Barbour Parkway, Yazoo City, Mississippi 39194.

    5. That the United States District Clerk shall serve, by certified mail, a copy of the summons, Complaint and Response [19] filed herein, along with a copy of this order upon the

**Civil Process Clerk of the Office of the United States Attorney for the Southern District of Mississippi**, 188 E. Capitol St., Suite 500, Jackson, Mississippi 39201; the **Attorney General of the United States**, at 10th Street & Constitution Avenue, Washington, D.C. 20530; and **Katon Varnado**, **Omar Docher, T.H. Moore, P. Jackson, and J. Southerland**, c/o Federal Correctional Complex at Yazoo City, 2255 Haley Barbour Parkway, Yazoo City, Mississippi 39194.

      6.   That the Defendants file an answer or other responsive pleading within 60 days of service of the summons in this cause in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

      7.   That subpoenas shall not be issued except by order of the Court. The United States District Clerk shall not issue subpoenas upon request of the *pro se* litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review. The Plaintiff shall submit all request for the issuance of subpoenas to the Magistrate Judge's office for review.

**Failure to advise this Court of a change of address or failure to timely comply with any order of this Court will be deemed as a purposeful delay and contumacious act by Plaintiff and will result in the dismissal of this case.**

      SO ORDERED, this the   30th   day of March, 2009.

                                              s/ David Bramlette
                                              UNITED STATES DISTRICT JUDGE